UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ELLEN A.,

                              Plaintiff,

                    v.

ANDREW M. SAUL,[1] Commissioner of
  Social Security,

                              Defendant.
_____

                                                                    **DECISION**
                                                                    **and**
                                                                    **ORDER**

                                                                    **19-CV-1299F**
                                                                    (**consent**)

APPEARANCES:        LAW OFFICES OF KENNETH R. HILLER, PLLC
                    Attorneys for Plaintiff
                    KENNETH R. HILLER, and
                    ANTHONY JOHN ROONEY, of Counsel
                    6000 North Bailey Avenue, Suite 1A
                    Amherst, New York  14226

                    JAMES P. KENNEDY, JR.
                    UNITED STATES ATTORNEY
                    Attorney for Defendant
                    Federal Centre
                    138 Delaware Avenue
                    Buffalo, New York  14202
                                        and
                    JOLETTA MARIE FRIESEN, and
                    NICOL FITZHUGH
                    Special Assistant United States Attorneys, of Counsel
                    Social Security Administration
                    Office of General Counsel
                    601 East 12th Street, Room 965
                    Kansas City, Missouri  64106

## JURISDICTION

On October 14, 2020, the parties to this action, consented pursuant to 28 U.S.C.

§ 636(c) to proceed before the undersigned.  (Dkt. 12).  The matter is presently before

---

[1] Andrew M. Saul became the Commissioner of the Social Security Administration on June 17, 2019, and, pursuant to Fed.R.Civ.P. 25(d), is substituted as Defendant in this case.  No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

the court on motions for judgment on the pleadings filed by Plaintiff on March 23, 2020 (Dkt. 8), and by Defendant on May 15, 2020 (Dkt. 10).

## BACKGROUND

Plaintiff Ellen A. ("Plaintiff"), brings this action under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's applications filed with the Social Security Administration ("SSA"), on June 2, 2016, for Social Security Disabilitiy Benefits ("SSDI") under Title II of the Act, and for Supplemental Security Income ("SSI") under Title XVI of the Act ( together, "disability benefits"). Plaintiff alleges she became disabled on February 27, 2016, based on major depression, anxiety, agoraphobia, and insomnia. AR[2] at 19, 173, 188. Plaintiff's applications initially were denied on September 7, 2016, AR at 79-97, and at Plaintiff's timely request, AR at 117-18, on September 5, 2018, an administrative  hearing was held in Buffalo, New York before administrative law judge Stephen Cordovani ("the ALJ").  AR at 35-78 ("administrative hearing").  Appearing and testifying at the administrative hearing were Plaintiff, represented by Lori Lembeck, a non-attorney, and Shreya Tripathi Bhardwaj, Esq., as well as vocational expert Eric. D. Dennison ("the VE"), who appeared by telephone.  AR at 37.

On September 26, 2018, the ALJ issued a decision denying Plaintiff's claims, AR at 14-34 ("ALJ's Decision"), which Plaintiff timely appealed to the Appeals Council.  AR at 169-72.  On July 24, 2019, the Appeals Council denied Plaintiff's request for review,

---

[2] References to "AR" are to the CM/ECF-generated page number of the Administrative Record electronically filed by Defendant on December 23, 2019  (Dkt. 4).

AR at 7-10, rendering the ALJ's Decision the Commissioner's final decision.  On September 23, 2019, Plaintiff commenced the instant action seeking review of the ALJ's Decision.

On March 23, 2020, Plaintiff moved for judgment on the pleadings (Dkt. 8) ("Plaintiff's Motion"), attaching Plaintiff's Memorandum of Law in Support of a Motion for Judgment on the Pleadings (Dkt. 8-1) ("Plaintiff's Memorandum").  On May 15, 2020, Defendant moved for judgment on the pleadings (Dkt. 10) ("Defendant's Motion"), attaching Commissioner's Brief in Response to Local Civil Rule 5.5 for Social Security Cases (Dkt. 10-1) ("Defendant's Memorandum").  Filed on June 4, 2020, was Plaintiff's Response to the Commissioner's Brief in Support and in Further Support for Plaintiff's Motion for Judgment on the Pleadings (Dkt. 11) ("Plaintiff's Reply").  Oral argument was deemed unnecessary.

Based on the following, Plaintiff's Motion is DENIED; Defendant's Motion is GRANTED.

## **FACTS**[3]

Plaintiff Ellen A. ("Plaintiff"), born March 15, 1960, was 55 years old as of her alleged disability onset date ("DOD") of February 27, 2016, AR at 19, 44, 173, 188,and 58 years old as of September 26, 2018, the date of the ALJ's decision.  AR at 30. Plaintiff lived with her boyfriend in a house, AR at 39, and has two adult sons, one who lives locally and one living in North Carolina. AR at 54-55.  Plaintiff graduated high school where she attended regular classes, AR at 44, but has not completed any

---

[3] In the interest of judicial economy, recitation of the Facts is limited to only those necessary for determining the pending motions for judgment on the pleadings.

specialized job training or vocational school.  AR at 215.  Plaintiff's past relevant work ("PRW") includes work as a certified nurse's aide ("CAN"), a cashier at a retail store and a hardware store, doing intake for a glass company, and as a packager for a foot care company.  AR at 215.

It is undisputed that Plaintiff suffers from numerous mental health impairments including major depression, anxiety, PTSD, agoraphobia, and insomnia.  Plaintiff has received mental health treatment from psychiatrist Wendy L. Weinstein, M.D. ("Dr. Weinstein"), and mental health counselor Kristen Misuraca ("Counselor Misurca").  In connection with her disability benefits applications, on August 15, 2016, Plaintiff underwent an adult psychiatric examination performed by consultative psychologist Christine Ransom, Ph.D. ("Dr. Ransom"), who found the results of Plaintiff's psychiatric evaluation were "consistent with mild psychiatric conditions which will not significantly interfere with the claimant's ability to function on a daily basis."  AR at 295-98.  On May 31, 2018, state agency psychological consultant Sheri L. Tomak, Ph.D. ("Dr. Tomak"), completed a review of Plaintiff's administrative records and found Plaintiff's psychological impairments presented a "non-severe level of functional impairment."  AR at 302-03.

## DISCUSSION

### 1.    Standard and Scope of Judicial Review

A claimant is "disabled" within the meaning of the Act and entitled to disability benefits when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can

be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§
416(i)(1); 1382c(a)(3)(A).   A district court may set aside the Commissioner's
determination that a claimant is not disabled if the factual findings are not supported by
substantial evidence, or if the decision is based on legal error.  42 U.S.C. §§ 405(g),
1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003).  In
reviewing a final decision of the SSA, a district court "is limited to determining whether
the SSA's conclusions were supported by substantial evidence in the record and were
based on a correct legal standard."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir.
2012) (internal quotation marks and citation omitted).  "Substantial evidence is more
than a mere scintilla.  It means such relevant evidence as a reasonable mind might
accept as adequate to support a conclusion."  *Id*.  It is not, however, the district court's
function to make a *de novo* determination as to whether the claimant is disabled; rather,
"the reviewing court is required to examine the entire record, including contradictory
evidence and evidence from which conflicting inferences can be drawn" to determine
whether the SSA's findings are supported by substantial evidence.  *Id*.  "Congress has
instructed . . . that the factual findings of the Secretary,[4] if supported by substantial
evidence, shall be conclusive."  *Rutherford v. Schweiker*, 685 F.2d60, 62 (2d Cir. 1982).
In short, the issue is not whether substantial evidence supports the claimant's argument,
but "whether substantial evidence supports *the ALJ's decision*."  *Bonet ex rel. T.B. v.
Colvin*, 523 Fed.Appx. 58, 59 (2d Cir. 2013) (italics in original).  "Under this 'very
deferential standard of review,' 'once an ALJ finds facts, we can reject those facts only if

[4] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of
the Secretary of Health and Human Services in Social Security cases was transferred to the
Commissioner of Social Security, effective March 31, 1995.

5

a reasonable factfinder would *have to conclude otherwise*.'"  *Id*., 523 Fed.Appx. at 58-59

(quoting *Brault v. Social Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (italics

in original).

**2.    Disability Determination**

The definition of "disabled" is the same for purposes of receiving SSDI and SSI

benefits.  *Compare* 42 U.S.C. § 423(d) *with* 42 U.S.C. § 1382c(a).  The applicable

regulations set forth a five-step analysis the Commissioner must follow in determining

eligibility for disability benefits.  20 C.F.R. §§ 404.1520 and 416.920.  *See Bapp v.*

*Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir.

1982).  The first step is to determine whether the applicant is engaged in substantial

gainful activity during the period for which the benefits are claimed.  20 C.F.R. §§

404.1520(b) and 416.920(b).  The second step is whether the applicant has a severe

impairment which significantly limits the physical or mental ability to do basic work

activities, as defined in the relevant regulations.  20 C.F.R. §§ 404.1520(c) and

416.920(c).  Third, if there is an impairment and the impairment, or its equivalent, is

listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the regulations ("Appendix 1" or

"the Listings"), and meets the duration requirement of at least 12 continuous months,

there is a presumption of inability to perform substantial gainful activity, and the claimant

is deemed disabled, regardless of age, education, or work experience.  42 U.S.C. §§

423(d)(1)(A) and 1382a(c)(3)(A); 20 C.F.R. §§ 404.1520(d) and 416.920(d).  As a fourth

step, however, if the impairment or its equivalent is not listed in Appendix 1, the

Commissioner must then consider the applicant's "residual functional capacity" or "RFC"

which is the ability to perform physical or mental work activities on a sustained basis,

notwithstanding the limitations posed by the applicant's collective impairments, *see* 20 C.F.R. §§ 404.1520(e)-(f), and 416.920(e)-(f), and the demands of any past relevant work ("PRW").  20 C.F.R. §§ 404.1520(e) and 416.920(e).  If the applicant remains capable of performing PRW, disability benefits will be denied, *id*., but if the applicant is unable to perform PRW relevant work, the Commissioner, at the fifth step, must consider whether, given the applicant's age, education, and past work experience, the applicant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy."  *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks and citation omitted); 20 C.F.R. §§ 404.1560(c) and 416.960(c). The burden of proof is on the applicant for the first four steps, with the Commissioner bearing the burden of proof on the final step.  20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008).  All five steps need not be addressed because if the claimant fails to meet the criteria at either of the first two steps, the inquiry ceases and the claimant is not eligible for disability benefits, but if the claimant meets the criteria for the third or fourth step, the inquiry ceases with the claimant eligible for disability benefits.  20 C.F.R. §§ 404.1520 and 416.920.

In the instant case, the ALJ found Plaintiff meets the insured status requirements for SSDI through December 31, 2021, AR at 21, has not engaged in substantial gainful activity since February 27, 2016, the alleged DOD, *id*., and suffers from the severe impairments of major depressive disorder, generalized anxiety disorder, agoraphobia, PTSD, bipolar disorder, and insomnia, *id*. at 21-22, but that Plaintiff does not have an impairment or combination of impairments meeting or medically equal to the severity of any listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1.  *Id*. at 22-23.

Despite her impairments, the ALJ found Plaintiff retains the RFC to perform work at all exertional levels but with nonexertional limitations including Plaintiff can understand, remember and carry out simple and routine instructions and tasks, is able to work in a low stress work environment reflected by simple and routine work, no supervisory duties, no independent decision-making, no strict production quotas, minimal changes in work routine and process, can have occasional interaction with supervisors and co-workers, and no or only incidental interaction with the general public, and cannot perform team or tandem work with co-workers.  AR at 23-28.  The ALJ further found Plaintiff was unable to perform any of her past relevant work ("PRW"), but that given her RFC, age, education and ability to communicate in English, with transferability of skills not relevant, is able to perform other work existing in the national economy in significant numbers including as a cleaner II, a dryer attendant, and a box bender.  AR at 28-30. Based on these findings, the ALJ determined Plaintiff is not disabled as defined under the Act.  *Id*. at 30.

Plaintiff does not contest the ALJ's findings with regard to the first three steps of the five-step analysis, but argues that at the fourth step, the ALJ erred with regard to the RFC determination which is not supported by any opinion of record such that the ALJ impermissibly relied on a lay reading of the evidence.  Plaintiff's Memorandum at 8-15. In opposition, Defendant argues the ALJ properly evaluated the opinion evidence of record in the context of the entire record.  Defendant's Memorandum at 11-19,  In reply, Plaintiff maintains that although the ALJ found Plaintiff's RFC is more limited than supported by any opinion of record, the ALJ was not permitted to formulate a "highly

specific" RFC that is "divorced from an opinion." Plaintiff's Reply at 1-3.  There is no merit to Plaintiff's arguments.

Here, both Dr. Ransom and Dr. Tomak found Plaintiff's psychological impairments resulted in only "mild" functional impairments, AR at 295-98 (Dr. Ransom's medical source statement that Plaintiff's psychiatric evaluation results were "consistent with mild psychiatric conditions which will not significantly interfere with the claimant's ability to function on a daily basis"); AR at 302-03 (Dr. Tomak's review of Plaintiff's administrative records and assessing Plaintiff's psychological impairments as presenting a "non-severe level of functional impairment").  AR at 302-03.  In contrast, the ALJ found, despite such opinions which are less favorable to Plaintiff, that Plaintiff's psychological impairments are severe, AR at 21-22, and that such impairments caused "moderate limitations" with regard to the four domains of functioning relevant to the listed psychological impairments in 20 C.F.R. Part 404, Subpt. P, Appx. 1, 20 C.F.R. §§ 404.1520(d), 404.125, 404.1526, 416.920(d), 416.925, and 416.926, including Plaintiff's ability to understand, remember, or apply information, interact with others, concentrating, persisting, or maintaining pace, and adapting or managing herself.  AR at 22-23.  In other words, the ALJ's RFC determination included higher levels of limitations than found by the medical opinions of record, which Plaintiff maintains is not permitted. The cases on which Plaintiff relies in support of this novel argument, including *Harrington v. Saul*, 2019 WL 3945775, at *4 (W.D.N.Y. Aug. 20, 2019) ("*Harrington*"), and *Ippolito v. Comm'r of Soc. Sec.*, 2019 WL 3927453, at *4 (W.D.N.Y. Aug. 19, 2019) ("*Ippolito*"), are, however, inapposite.

In particular, in *Harrington*, the ALJ determined the plaintiff's ability to sit, stand, and walk for specific periods of time, which periods were consistent with light work, despite the complete absence in the record of any medical opinion restricting such activities to any specific period of time. *Harrington*, 2019 WL 3945775, at *4. In the instant case, the ALJ's determination is, surprisingly more favorable to Plaintiff, that Plaintiff is moderately limited in the four domains of functioning relevant to psychological impairments, whereas both Dr. Ransom and Dr. Tomak found Plaintiff to be only mildly limited in those same domains. *Compare* AR at 22-23 (ALJ considering the extent of Plaintiff's limitations in the four domains), with AR at 297 (Dr. Ransom finding Plaintiff to be mildly limited in the same four domains), and 303 (Dr. Tomak also finding Plaintiff with mild limitations in all four domains). Accordingly, the ALJ did not make any "highly specific" RFC determination, as asserted by Plaintiff, Plaintiff's Memorandum at 9; Plaintiff's Reply at 2-3, that is "divorced from an opinion." *Id*.

Similarly, in *Ippolito*, although the court found the ALJ erred in "formulating a highly specific RFC finding" for the plaintiff that included limitations more severe than those supported by the sole medical opinion of record, the court also specified that the ALJ "expressly stated" he found such physician's opinion understated the severity of the plaintiff's impairments with regard to particular limitations for which the physician offered no opinion. *Ippolito*, 2019 WL 3927453, at * 4. In contrast, here, both Dr. Ransom and Dr. Tomak found Plaintiff with mild limitations in the same four domains of functioning relevant to the listed psychological impairments, in which the ALJ found Plaintiff with moderate limitations. AR at 297, 303. Accordingly, the ALJ did not find Dr. Ransom

and Dr. Tomak understated Plaintiff's limitations in areas in which neither Dr. Ransom nor Dr. Tomak offered no opinion in a manner adverse to Plaintiff.

Nor does the court's research reveal any case where the ALJ was found to have erred when, based upon a review of the medical evidence and opinions of record, as well as the ALJ's observation of the Plaintiff at the administrative hearing, the ALJ determined the plaintiff's severe impairments pose greater limitations than contained in the medical opinions of record.  Simply put, even if under such circumstances the ALJ's formulation of Plaintiff's RFC is technically unsupported by substantial evidence in the record, such error is harmless because even with the greater limitations assessed by the ALJ, Plaintiff is still not disabled under the Act, and Plaintiff does not argue otherwise.

## **CONCLUSION**

Based on the foregoing, Plaintiff's Motion (Dkt. 8) is DENIED; Defendant's Motion (Dkt. 10) is GRANTED.  The Clerk of Court is directed to close the file.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:      March 22nd, 2021
            Buffalo, New York